IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                 Case No. 21-cr-363 KG

CAESAR NATHANIAL JAMES CRAYTON,
a.k.a Craig James Jones,
a.ka. Ceasar Nathanial Crayton,

    Defendant.

## SUMMARY ORDER RESULTING FROM PRETRIAL CONFERENCE

This matter comes before the Court on the following pretrial motions and other matters:

- Government's Notice of Expert Witness Testimony of Forensic Scientist Amy Soto and Motion *in Limine* for *Daubert*/*Velarde* Ruling on its Admissibility (Doc. 56), filed June 17, 2021.

- Government's Notice of Intent to Offer Expert Testimony of DEA Special Agent Charles Armour and Motion *in Limine* for *Daubert* Ruling on Admissibility of Evidence (Doc. 59), filed June 23, 2021.

- Government's Notice of Intent to Offer Expert Testimony of ATF Special Agent Russell Davis and Motion *in Limine* for Ruling on Admissibility of Evidence (Doc. 80), filed November 19, 2021.

- Government's Notice of Intent to Offer Expert Testimony as to Fingerprint Expert Edward John Sanchez (Doc. 78), filed November 5, 2021.

- Government's Motion *in Limine* Regarding Rule 609 Evidence (Doc. 90), filed January 13, 2022.

- Government's Amended Exhibit List (Doc. 101), filed February 10, 2022, and Defendant's Objections (Doc. 100), filed February 8, 2022.

On February 10, 2022, the Court held an in-person Pretrial Conference at which the Court

provided counsel with its rulings on the motions and other filings. Present at the hearing were

1

Assistant United States Attorneys Joni Autrey Stahl and Renee L. Camacho. Also present was the Defendant, Caesar Nathanial James Crayton, and his attorney, Brock Benjamin.

Having considered the above motions and other filings, and the argument of counsel, the Court finds and concludes the following, for the reasons stated on the record and elaborated herein:

1. Testimony by DEA Agent Armour

The Government filed it Notice of Intent to Offer Expert Testimony of DEA Special Agent Charles Armour and Motion *in Limine* for *Daubert* Ruling on Admissibility of Evidence (Doc. 59), on June 23, 2021. Defendant responded in opposition. (Doc. 93).

The Government argues that Agent Armour's testimony about the drug trade is relevant to the intent to distribute element of Count 1 and the "in relation to" element of Count 3. They would show him exhibits 16 and 17, which are text messages with words like "cut" "clear" "ice".

Defendant argues that the testimony is prejudicial and irrelevant, and asks that the Court exclude Mr. Armour.

The Court determines that Agent Armour's testimony will be helpful to the jury and is relevant to elements of Counts 1 and 3. The Court finds that Agent Armour is qualified to testify about drug trafficking, including the use of code words, based on his training and experience. The Court notes that the Tenth Circuit routinely upholds the admission of law enforcement expert testimony regarding the drug trade. *See, e.g.*, *United States v. Lovern*, 590 F.3d 1095, 1102 (10th Cir. 2009). The Court, therefore, grants the Government's Motion.

2. Testimony of Forensic Chemist Amy Soto

The Government filed a Notice of Expert Witness Testimony of Forensic Scientist Amy Soto and Motion *in Limine* for *Daubert/Velarde* Ruling on its Admissibility (Doc. 56), on June 17, 2021.  The Defendant did not object.  *See* (Doc. 93).

The Court grants the Motion.  Ms. Soto will be allowed to testify that the substance confiscated was tested, that it tested as methamphetamine, regarding its purity, and regarding its weight or amount.

3.	Testimony of ATF Agent Russell Davis

The Government filed a Notice of Intent to Offer Expert Testimony of ATF Special Agent Russell Davis and Motion *in Limine* for Ruling on Admissibility of Evidence (Doc. 80), filed November 19, 2021.  The Defendant did not object.  *See* (Doc. 93).

Finding that Agent Davis is qualified to testify as to the interstate nexus of firearms, the Court grants the Motion.

4.	Testimony of Fingerprint Expert Edward John Sanchez

The Government filed a Notice of Intent to Offer Expert Testimony as to Fingerprint Expert Edward John Sanchez (Doc. 78), on November 5, 2021.

Noting that Defendant did not object, the Court finds Mr. Sanchez qualified to testify as a fingerprint expert.

5.	Motion *in Limine* regarding rule 609 evidence

The Government filed a Motion *in Limine*  Regarding Rule 609 Evidence (Doc. 90), filed January 13, 2022.  The Government seeks to impeach the Defendant, should he testify, with evidence of a past conviction for Uttering Counterfeit Obligations and Securities, arguing that it should be admitted as a crime of dishonesty per Rule 609(a)(2) or because its probativeness substantially outweighs prejudice per Rule 609(b)(1).

The Defendant responded in opposition. (Doc. 93). Defendant argues that the uttering charge is confusing, that it has limited impeachment value, that it should be excluded for being over 10 years old, and that it is more prejudicial than probative.

The Court concludes the past conviction is admissible per Rule 609(b)(1) because it is sufficiently probative to substantially outweigh prejudice.

6. The Court took the following action regarding the Government's Exhibits (Docs. 98 and 101) and Defendant's objections (Doc. 100).

- Exhibits 1 through 15 were admitted without objection.

- Regarding Exhibit 16, Defendant's objection is overruled, and the exhibit is partially admitted. Defendant objects that the text messages are hearsay and irrelevant. The Court finds that the text messages are not entered to prove the truth of the matter asserted and so are not hearsay. The Court determines the text messages dated May 20, 2020, are too distant in time to the alleged crime to be probative of intent and therefore excludes them. The text messages dated June 24 and 29, and July 9 and 10, 2020, are relevant and probative because they go to showing the messages were sent by Defendant. Those messages are admitted for that purpose. Finally, the text messages dated August 13 and 14, 2020, are probative of intent regarding Count 1 and are admitted for that purpose.

- Regarding Exhibit 17, Defendant's objection is overruled, and the exhibit is admitted. Again, the Court finds that the text messages are not entered to prove the truth of the matter asserted and so are not hearsay. The text messages are probative of Defendant's knowledge and intent to possess a firearm regarding Count 2. The messages are admitted for the limited purpose of showing that he was aware of

4

having a gun and intended to have possession. There will be no mention of trafficking or trading guns.

- A ruling on Exhibits 18 and 19 was reserved pending foundation being laid at trial. The Court notes and grants Defendant's request for a cautionary instruction that the transcript is not the evidence. Such instruction was submitted jointly and will be included in the final instructions and read at trial.
- Exhibit 20 is admitted without objection.
- The Court notes Exhibits 21 through 25 are not being offered at this time.
- Exhibit 26 was withdrawn after Defendant objected as to Rule 403 and hearsay.
- A ruling on Exhibits 27 and 28 is reserved pending proper foundation and authentication at trial.

7. The Court notes that it conducted a Lafler-Frye colloquy with the Defendant on the record at the pretrial conference.

8. Finally, the Court notes that defense counsel objected to his client wearing a face shield rather than a face mask during trial and that the Court overruled the objection.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE