IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      Case No. 21-cr-363 KG

CAESAR NATHANIAL JAMES CRAYTON,
a.k.a Craig James Jones,
a.ka. Ceasar Nathanial Crayton,

    Defendant.

## ORDER

This matter is before the Court on Defendant Caesar Nathanial James Crayton's oral Motion to Reconsider his previous Motion to Suppress (Doc. 30), which was denied by the Court (Doc. 55). For the reasons stated below, the Court denies the Motion to Reconsider.

This case arises from a Border Patrol checkpoint on Interstate 10, west of Las Cruces. Mr. Crayton moved this Court to suppress gun and drug evidence seized from him there by arguing the search violated his Fourth Amendment rights. (Doc. 30). After a hearing that included testimony from Border Patrol Agent Brenden Hunt, this Court denied that Motion. (Doc. 55). After Agent Hunt's testimony at trial, Mr. Crayton moved the Court to reconsider that ruling.

Mr. Crayton argues, in sum, that Agent Hunt could not have smelled marijuana coming from Mr. Crayton's car and therefore lacked justification to direct the car to secondary inspection and conduct a canine inspection which led to discovery of the contraband at issue in this case. Mr. Crayton bases his argument on testimony from Agent Hunt that (1) the marijuana was in plastic bags inside a backpack in the backseat of the car, (2) the canine alerted at the front door,

1

not the back door, and (3) that there was not an air conditioning unit on at the checkpoint at the time, which he argues is inconsistent testimony.

The Court denies the Motion to Reconsider for the following reasons:

First, Mr. Crayton's argument relies on the implication that Agent Hunt was lying about smelling marijuana emanating from the car, but at the suppression hearing the Court found Agent Hunt's testimony credible. "[W]hile Mr. Cayton questioned whether Agent Hunt could detect the odor of marijuana from its location stowed in his bag, the Court has no basis to doubt the veracity of Agent Hunt's testimony." (Doc. 55) at 8. Because suppression of evidence is a legal question for the Court and not the jury, the Court notes only that its finding of credibility has not changed based on the testimony at trial. If anything, based on evidence at trial, Agent Hunt's testimony is corroborated. Specifically, Mr. Crayton admitted in his post-arrest statement that he had smoked marijuana in the car on the trip leading up to his stop at the checkpoint. Exhibit 18. The Court also notes that Mr. Crayton cross-examined Agent Hunt and the question of Agent Hunt's credibility otherwise is properly left to the jury to determine.

Second, Mr. Crayton argues that Agent Hunt's detection of the scent of marijuana is the foundation of the whole case, but the Court previously found there were justifications independent of the marijuana smell which allowed for detaining the car in secondary inspection and discovering the contraband. "Even notwithstanding the existence of probable cause and reasonable suspicion stemming from the odor of marijuana, suspicious circumstances justified Mr. Crayton's brief ten-minute detention." *Id.* at 9. The Court found suspicious circumstances here based on the facts that Mr. Crayton "began to grip the steering wheel tightly, provided inconsistent travel plans, started looking around, and generally, became nervous." *Id.* (internal quotations omitted). Alternatively, the Court found as a matter of fact that Mr. Crayton

consented to going to the secondary inspection for a canine inspection. *Id.* at 3. Additionally, the Court noted that a canine search outside a car is "not a search within the meaning of the Fourth Amendment." *Id.* at 10.

In conclusion, Mr. Crayton's plea for reconsideration relies on Agent Hunt's testimony about smelling marijuana, and Mr. Crayton's argument that the testimony is implausible. The Court, however, already found that Agent Hunt's testimony was credible, and, moreover, that the marijuana scent was not necessary to justify the brief detention of the car or the canine search around its exterior. The Court, therefore, is not persuaded to reopen the suppression issue or reconsider its prior order. The Motion is denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE